IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JACK FOREST, as Personal Representative of the Estate of BRANDON WILLIAM YIM, | ) ) ) ) | CIVIL NO. 08-00374 SOM / KSC |
| Plaintiff, | ) ) ) | ORDER DENYING DEFENDANT'S MOTION TO DISMISS, AND GRANTING DEFENDANT'S |
| vs. | ) ) | ALTERNATIVE MOTION TO STAY PROCEEDINGS PENDING |
| THE GAS CO., LLC, | ) ) | RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT |
| Defendant. _____ | ) ) | CASE |

ORDER DENYING DEFENDANT'S MOTION TO DISMISS, AND GRANTING
DEFENDANT'S ALTERNATIVE MOTION TO STAY PROCEEDINGS PENDING
RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT CASE

I.        INTRODUCTION.

         This diversity case arises out of an automobile accident in which Brandon Yim and his parents were killed. Brandon's brother, five-year-old Lyndon Yim, was critically injured in the accident but survived. Plaintiff Jack Forest brings this wrongful death action as the personal representative of his nephew Brandon. Forest alleges that Defendant The Gas Co., LLC's employee negligently collided with the Yim family vehicle. Gas Co. has moved to stay or dismiss the present action in light of pending state court litigation brought by Forest as co-guardian of the surviving passenger, his nephew Lyndon, against Gas Co. for the same act of negligence. This court agrees that the proceedings in this court should be stayed

pending the conclusion of the parallel state court case.  The motion to dismiss is denied, and the motion to stay is granted.

II.       BACKGROUND.

On August 24, 2006, Lan Yim Kim was driving on Kaumuali Highway in Waimea, Kauai, Hawaii.  Her husband, Michael Yim, and their two sons, Brandon and Lyndon Yim, were passengers in the car.  While driving west, Lan pulled over to the right shoulder and stopped the car.  Eddie Taniguchi, a Gas Co. employee, was driving a company-owned truck in the same direction.  Gas Co. alleges that, as Taniguchi neared the Yim car, it made a U-turn in front of Taniguchi's truck, causing the two vehicles to collide.  Lan died immediately at the scene of the accident, and Michael and Brandon died later at the hospital.  Lyndon, age five, was the only survivor.

Jack Forest, Michael's brother, is the personal representative of Brandon's estate and co-guardian of the person and property of Lyndon.

On November 15, 2006, Forest, as co-guardian of Lyndon Yim, filed a Complaint in the state court at the First Circuit of Hawaii, located in Honolulu.  Gas Co. filed its answer and impleaded Lan's estate.  Some discovery has been taken in the state court action, beginning with the deposition of Taniguchi, the truck driver.

On September 17, 2007, the state court granted Gas Co.'s Motion for a Change of Venue, and the case was transferred to the Fifth Circuit Court on Kauai.  Trial was originally scheduled for the week of December 2, 2008.

State court discovery continued as both parties submitted expert reports.  The depositions of witnesses Ernest Jacinto and Kyle Pacheco, as well as Officer James Miller, a traffic accident investigator, were taken on Kauai.  Forest's deposition was taken in Honolulu.

On August 4, 2008, the parties agreed to continue the state court trial to June 22, 2009.  Forest filed his First Amended Complaint on August 22, 2008, adding claims by Michael Yim, father of Brandon and Lyndon.  Gas Co. filed its Answer.  Just before amending the Complaint, Forest filed his Complaint in this court, in his capacity as the personal representative of Brandon's estate.  The Rule 16 Scheduling Conference is scheduled for November 10, 2008.

III.     MOTION TO DISMISS.

Gas Co. moves to dismiss the Complaint for improper venue and failure to join a necessary party, pursuant to Rules 12(b)(3) and 12(b)(7) of the Federal Rules of Civil Procedure, respectively.  Because Gas Co. did not brief either of these arguments, the present record does not establish improper venue

or a failure to join a necessary party. Accordingly, the motions to dismiss are denied.

Venue in this diversity action is governed by 28 U.S.C. § 1391(a) (2008), which states that venue is proper in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Gas Co., the sole defendant, is domiciled in Honolulu, making the District of Hawaii an appropriate venue under the first category. Further, as all of the events giving rise to the claim occurred on Kauai, which is part of the District of Hawaii, venue is also proper under the second category. The motion to dismiss the complaint for improper venue is therefore denied.

Rule 19 of the Federal Rules of Civil Procedure governs compulsory joinder in federal district courts. EEOC v. Peabody W. Coal Co., 400 F.3d 774, 778 (9th Cir. 2005). Rule 19(a)(1) provides that parties must be joined if necessary to accord complete relief or alleviate the risk of multiple or incomplete obligations.

Rule 19(b) provides that, if it is not feasible for the court to join a party meeting the requirements of Rule 19(a), the

court may dismiss in light of potential prejudice and inadequacy of the judgment, while considering the adequacy of the available remedy in case of dismissal.

The Ninth Circuit interprets Rule 19 as requiring "three successive inquiries." Peabody, 400 F.3d at 778. "First, the court must determine whether a nonparty should be joined under Rule 19(a)." Id. "If the absentee is a necessary party under Rule 19(a), the second stage is for the court to determine whether it is feasible to order that the absentee be joined." Id. "Finally, if joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." Id.

As Gas Co. does not identify the necessary party whom Forest has failed to join, it has not established that there is a missing party necessary to this litigation. The motion to dismiss for failure to join an indispensable party is therefore denied.

IV.      MOTION TO STAY

Gas Co. moves alternatively for a stay during the pendency of the state court case brought by Forest on behalf of Lyndon Yim. The court declines to dismiss the case, instead preserving Brandon's wrongful death claim in this court. The

court does, however, grant the requested stay to avoid duplicative litigation.

A stay is justified under the Colorado River abstention doctrine. Acknowledging the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," the Supreme Court acknowledged in Colorado River Water Conservation District v. United States, 424 U.S. 800, 817 (1976), that exceptional circumstances may necessitate a federal court's abstention. The present case presents such circumstances. The facts and issues to be determined in the state proceedings and those to be decided in this court are identical. To permit this case to go forward at this point, therefore, would result in duplicative and wasteful litigation.

The Ninth Circuit has articulated factors to be considered in determining whether a stay is appropriate under Colorado River and its successor, Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 25-26 (1983). According to the Supreme Court, when related cases are pending in state and federal courts, a court should examine: (1) whether either court has assumed jurisdiction over a res; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) whether the state proceeding is adequate to protect the

parties' rights; and (7) the prevention of "forum shopping." Travelers Indem. Co. v. Madonna, 914 F.2d 1364, 1367-68 (9th Cir. 1990); Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989). The analysis requires "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817.

No one factor is determinative. Instead, "a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Id. at 818-19. In this case, the factors weigh in favor of staying the federal proceedings pending the outcome of the state court litigation.

Before proceeding to the relevant factors, however, the court must determine whether the proceedings are indeed parallel. Dittmer v. County. of Suffolk, 146 F.3d 113, 117-18 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under Colorado River.")

Forest argues that the cases are not parallel because the plaintiffs are different; Forest is suing on behalf of his deceased nephew's estate in federal court and on behalf of his surviving nephew in state court. Colorado River, however, does not require that the parties in the state and federal cases be

7

identical.  See Nakash, 882 F.2d at 1416 ("We agree that exact parallelism does not exist, but it is not required.").  "A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum."  Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc., 962 F.2d 698, 700 (7th Cir. 1992)(internal citations omitted).  See also Heitmanis v. Austin, 899 F.2d 521, 528 (6th Cir. 1990) (lack of identity of parties in state and federal cases is not relevant to Colorado River abstention) (citing Lumen Const., Inc. v. Brant Const. Co., 780 F. 2d 691, 695 (7th Cir. 1985)).  In this case, the two purportedly different plaintiffs are minors injured or killed in the same accident, represented by the same guardian, and alleging the same negligent act.  The cases are sufficiently similar for the purposes of this analysis.

Further, all parties will be protected in the state litigation.  See Lumen, 780 F.2d at 695 ("Where the interests of the plaintiffs in each of the suits are congruent, Colorado River abstention may be appropriate notwithstanding the nonidentity of the parties.") (citing Canaday v. Koch, 608 F. Supp. 1460, 1475 (S.D.N.Y. 1985), aff'd sub nom Canaday v. Valentin, 768 F.2d 501 (2d Cir. 1985)); see also Health Care & Retirement Corp. of Am. v. Heartland Home Care, 324 F. Supp. 2d. 1202, 1204-05 (D. Kan. 2004) ("Although HCRA argues that it technically is not a party

to the state case, it has not alleged that its interests are different from those of its affiliate in the state case.").

Forest cites Sheerbonnet, Ltd. v. American Express Bank, 17 F.3d 46 (2d Cir. 1994), for the proposition that the existence of different plaintiffs indicates that the cases are not parallel. But Sheerbonnet involved a tort case and a separate liquidation proceeding brought by different parties. The parties' interests were not sufficiently similar.

In Alliance of American Insurers v. Cuomo, 854 F.2d 591, 603 (2d Cir. 1988), also cited by Forest, the federal case raised constitutional questions that were not present in the state action. Here, the central facts are the same in both cases, as is the representative. While damages for the tort claims will be calculated differently for each plaintiff, the children's interests do not differ. Both cases present issues of alleged vicarious tort liability. The deceased child and the surviving child have the same interests, in contrast to the claimants in Dobzeniecki v. Stone & Webster Engineering Corp., 716 F. Supp. 87 (E.D.N.Y. 1989), also cited by Forest.

1.   The Location of the Res

Having determined that this case and the related state case are parallel, this court turns to a review of the factors affecting the decision to stay this case. The first factor, the location of the res, is not relevant in this analysis, as there

is no res.  Under the abstention framework, neutrality on any count indicates that the extraordinary circumstances justifying abstention do not exist.  "Any doubts as to whether a factor exists should be resolved against a stay." Travelers, 914 F.2d at 1368.  The first factor weighs against a stay.  However, no one factor is determinative.

        2.   The Inconvenience of the Federal Forum

The second factor, the inconvenience of the federal forum, weighs slightly in favor of a stay.  The federal court is located in Honolulu, while many witnesses reside on Kauai.  Although Gas Co. has its offices in Honolulu, and Kauai is within this federal district, inter-island travel will clearly be involved in numerous instances.  This court recognizes that Forest himself must travel from the mainland and may find it more convenient to fly to Honolulu than to Kauai.  Similarly, the attorneys in this case are based in Honolulu.  However, even if the federal case were not stayed, the Honolulu attorneys would have to do considerable discovery on Kauai, so that this federal forum is at least slightly inconvenient for discovery proceedings, which are likely to occupy more time than courtroom proceedings.

        3.   Piecemeal Litigation and the Order of the Forums in Obtaining Jurisdiction.

The third and fourth factors, addressing piecemeal litigation and the order in which the forums obtained

10

jurisdiction, weigh in favor of staying the federal case. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co., 843 F.2d 1253, 1258 (9th Cir. 1988). As previously noted, the cases need not be identical to warrant a stay, but merely "substantially similar." Nakash, 882 F.2d at 1416. Here, the federal and state cases raise substantially similar issues, and the state court not only obtained jurisdiction first, it has progressed further. Piecemeal litigation would, therefore, result from adjudicating the federal claim at this time.

Courts have clarified that the "primary context" in which abstention has been used to avoid piecemeal litigation has involved "lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." Woodford v. Cmty. Action Agency of Greene County, 239 F.3d 517, 524 (2d Cir. 2001). Forest has argued that the presence of two different plaintiffs, each of whose claims would not legally bar the other's, obviates any concern about piecemeal litigation. To the contrary, it is under precisely such circumstances that this concern arises. See Am. Int'l, 843 F.2d at 1258 ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."). Here, the issues and the parties'

interests are similar, yet the litigation in one forum would not reduce the burden of litigation in the other.

The need for both forums to address similar issues, however, does not alone prove piecemeal litigation. The Ninth Circuit has held that concerns about piecemeal litigation will outweigh a federal court's obligation to exercise its jurisdiction only when the state court case has significantly progressed. See Nakash, 882 F.2d at 1415. Without this progression, "there is no certainty that duplicative effort would result" from proceeding in the federal case. See Travelers, 914 F.2d 1364. In Travelers, 914 F.2d at 1369, the court found no danger of piecemeal litigation after noting that the state court had "made no rulings whatsoever" in regard to the dispute. Here, the work done in the state court context weighs in favor of staying this federal action.

        4.    Whether State or Federal Law Controls, and Whether the State Case Is Adequate To Protect the Parties' Interests.

The court looks next at whether state or federal law controls. This is a diversity case. There is no federal question at issue, and state negligence law controls. This factor therefore weighs in favor of a stay.

Forest argues that it is only difficult issues of state law that justify abstention by this count, not routine matters such as the law of negligence. This court disagrees. The court

12

looks here to whether state law predominates to the exclusion of any federal question, which would otherwise require an exercise of jurisdiction.  See Moses H. Cone, 460 U.S. at 29 ("[T]he presence of federal-law issues must always be a major consideration weighing against surrender.").  While difficult state law issues might bolster the reason for a stay, routine state law issues do not negate a stay.

Forest further argues that the state litigation is insufficient to address the needs of the parties, as Brandon's claim could not be refiled in state court given the running of the statute of limitations.  However, the court notes that it is here considering a stay, not dismissal.  See Attwood v. Mendocino Coast Dist. Hosp., 886 F.2d 241, 244 (9th Cir. 1989) (in case all issues are not resolved by a state case, "only a stay ensures that the federal court will meet its 'unflagging duty' to exercise its jurisdiction").  "[U]nlike a dismissal, a stay avoids the risk that the federal plaintiff will be time-barred from reinstating the federal suit."  Id.  Furthermore, Gas Co. has offered to waive the statute of limitation and to stipulate that Forest, on behalf of the Estate of Brandon Yim, may file a second amended complaint in the pending state court case.  Forest thus may, if he chooses, litigate both children's claims simultaneously, avoiding the need for two separate forums.  While

13

Forest is free to maintain this federal action, this factor weighs in favor of staying this action.

        5.   Forum Shopping.

The court has a strong interest in preventing parties from forum shopping or avoiding adverse rulings by the state court.  Nakash, 882 F.2d at 1417.  Each party has alleged tactical selection of location by the other, whether to attain a local jury or to get two chances to litigate the same issues.  On the present record, this court declines to find forum shopping on either end.  This factor accordingly weighs against a stay.

Examining all the factors discussed above, most of which favor a stay, the court orders a stay.  To proceed in the federal case at this time would result in duplicative, piecemeal litigation.

V.   CONCLUSION.

The motion to dismiss is denied.  Defendant's alternative motion to stay proceedings pending resolution of the concurrent state court case is granted.

        IT IS SO ORDERED.

        DATED: Honolulu, Hawaii, October 20, 2008.



        /s/ Susan Oki Mollway
        Susan Oki Mollway
        United States District Judge

<u>Jack Forest, as Personal Representative of the Estate of Brandon William Yim v. The Gas Co. LLC</u>; Civil No. 08-00374 SOM/KSC; ORDER DENYING DEFENDANTS' MOTION TO DISMISS, AND GRANTING DEFENDANTS' ALTERNATIVE MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF THE CONCURRENT STATE OF HAWAII CIRCUIT COURT CASE.